UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Larry Carter,<br>    Plaintiff,<br><br>v.<br><br>Sandlands C&D Landfill of SC, LLC,<br>    Defendant. | Case No.:<br><br>**COMPLAINT**<br>(Jury Trial Requested) |

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.*

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

   a. A charge of employment discrimination on basis of racial discrimination and sexual harassment was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

   b. Notification of the Right to Sue was received from the Equal Employment Opportunity Commission on or about July 6, 2023.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. Plaintiff, Larry Carter, is a citizen and resident of the State of South Carolina, and resides in Horry County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. Defendant, Sandlands C&D Landfill of SC, LLC, upon information and belief, is a domestic corporation organized and operating under the laws of the State of South Carolina and does business in Horry County.

6. Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7. Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

1

8. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about September 27, 2019, Plaintiff (African American) began working for Defendant as a truck driver. At all times, Plaintiff was effective and efficient in his employment.

11. During Plaintiff's employment, Plaintiff was subjected to inappropriate racial and sexual comments by Defendant's Manager, Hunter Dorman (Caucasian).

12. In or about January 2020, Mr. Dorman told Plaintiff that he looked like an "eight ball," as well as referring to African Americans as "nigger" and "monkeys."

13. Mr. Dorman also started making comments about Plaintiff's genitalia. Mr. Dorman asked Plaintiff to take his "thing" out in front of other co-workers. Mr. Dorman even hit Plaintiff between the legs and stated, "damn, y'all niggers do got big things!" The Plaintiff told him to quit making such references. Despite that, they continued. Mr. Dorman was clearly acting for his personal gratification.

14. One day Plaintiff asked Mr. Dorman if he was voting for Biden. Mr. Dorman stated, "do all black ass people vote for the damn democrats?"

15. Plaintiff reported to Bill Raper, Defendant's General Manager, the things that Mr. Dorman was saying and doing to Plaintiff. Mr. Raper told Plaintiff "You better hope Trump wins or you will be in the unemployment office."

16. Defendant did not initiate an investigation as required by the Act.

17. One of Plaintiff's co-workers, Fred Gorton, posted on Facebook something negative about his job. When Plaintiff sent it to Mr. Raper, Plaintiff was told to keep the politics out of the job.

18. Despite the Plaintiff's complaints, he was forced to continue to work with Mr. Dorman wherein the harassment and inappropriate behavior continued, thereby creating a hostile work environment.

19. Despite his reporting, the comments and behavior escalated and continued, and on or about January 18, 2021, Plaintiff was constructively discharged due to the severe and pervasive nature of the harassment and the hostility from his reports of discrimination.

20. It was the duty of Defendant, by and through its agents, servants and employees, to prevent such acts and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

21. Despite his reporting of the behavior, Defendant did not take appropriate action to resolve the problems experienced by the Plaintiff and never investigated his reporting.

22. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature, created a hostile work environment and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.).

23. As a direct and proximate result of the acts and practices of Defendant in retaliating against Plaintiff, creating a hostile work environment and in the constructive discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from lost wages, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses, and has had to incur legal costs.

## FOR A FIRST CAUSE OF ACTION
## SEXUAL HARASSMENT - TITLE VII OF CIVIL RIGHTS ACT OF 1964

24. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

25. Defendant, as Plaintiff's and Hunter Dorman's employer, were wanton, and intentional in the harassment of the Plaintiff in the following particulars, to wit:

   a. In visual, and verbal contact that was initiated, maintained, and repeated after being informed by the Plaintiff that the contact was unwanted;

   b. The conduct was for Mr. Dorman's personal gratification;

   c. In continually allowing Mr. Dorman to maintain his presence near the Plaintiff while at work in an uncomfortable and inappropriate manner;

   d. In refusing to remove the Plaintiff from the sexual harassment; and

   e. In other particulars which discovery may show.

26. That by reason of the aforesaid recklessness, willfulness and wantonness of Defendant, Plaintiff has suffered injuries, both physically and mentally.

27. As a direct and proximate result of the acts and practices of Defendant in the harassment against Plaintiff, creating a hostile work environment and in the constructive discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from lost wages, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses, and has had to incur legal costs.

**FOR A SECOND CAUSE OF ACTION**
**RACIAL DISCRIMINATION - TITLE VII OF CIVIL RIGHTS ACT OF 1964**

28. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

29. Plaintiff is a member of a protected group on the basis of his race. Plaintiff was retaliated against and constructively discharged based on his race in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et seq.*, and the Equal Employment Opportunity Act.

30. Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to continue to employ Plaintiff based on his race;

   b. In showing preferential treatment to Caucasian employees and detrimental treatment to Plaintiff; and

   c. In demonstrating a pattern of discriminatory treatment towards African American employees by making disparaging remarks and terminating those who were in a protected class.

31. In failing to protect the Plaintiff from racial discrimination or preferential treatment, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*) and the Equal Employment Opportunity Act.

32. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act by allowing the racial discrimination and preferential treatment to exist in the workplace.

33. The Plaintiff's race was a determining factor in the disparate treatment and wrongful discharge of the Plaintiff. But for the Plaintiff's race, he would not have been constructively discharged.

34. As a direct and proximate result of the Defendant's discrimination on the basis of race, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

35. The Defendant's discrimination against the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

36. Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A THIRD CAUSE OF ACTION
## RETALIATION - TITLE VII OF CIVIL RIGHTS ACT OF 1964

37. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

38. That as alleged above, Plaintiff complained to the Defendant about the racial discrimination and sexual harassment by Mr. Dorman.

39. That Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

40. That shortly after making said complaints, Plaintiff was constructively discharged, which is in violation of 42 U.S.C. §2000e-3.

41. The Defendant's stated reason for retaliation was a mere pretext for the retaliation against Plaintiff based on his engaging in protected activity.

42. The Plaintiff's reports of racial discrimination and sexual harassment were determining factors in the retaliation of Plaintiff. But for Plaintiff's reports of racial discrimination and sexual harassment, he would not have been constructively discharged.

43. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

44. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

45. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

46. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

47. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

48. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

## FOR A FOURTH CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT

49. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

50. Once Plaintiff asserted his rights under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), Plaintiff was subjected to adverse terms and conditions by the Defendant causing a hostile work environment.

51. The Defendant's wrongful actions arising from Plaintiff's protected activity, as set forth aforesaid, constituted a hostile work environment for the Plaintiff.  The Defendant violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), by allowing a hostile work environment to exist in the workplace.

52. The Defendant was wanton, reckless, and intentional in the discrimination of the Plaintiff by creating a hostile work environment.

53. That the aforesaid discharge of Plaintiff's employment by the actions of Defendant constitutes a violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

54. As a direct and proximate result of the acts and practices of Defendant in the discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses.

## REQUEST FOR RELIEF

55. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

56. Due to the acts of the Defendant, Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

57. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3.  Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits he would have earned with all lost or diminished benefits to be determined by the trier of fact;

4.  Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

5.  Judgment in favor of the Plaintiff and against Defendant for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6.  Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

s/*Michael A. Brooks*
Michael A. Brooks (Fed. I.D. #14005)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
August 23, 2023